**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**AGRI US, INC. d/b/a AGRI-US**                                              **PLAINTIFF**

**V.**                                             **4:25CV01005 JM**

**GTS DO BRASIL LTDA,
GTS NORTH AMERICA CORP.,
ASSIS STRASSER, individually
GILVANA APARECIDA RIBEIRO
STRASSER, individually; and
JANE DOES 1-10**                                                              **DEFENDANTS**

**<u>ORDER</u>**

On May 12, 2025, Plaintiff Agri US, Inc. d/b/a Agri-US filed suit in Lonoke County Circuit Court against Defendants GTS Do Brasil Ltda ("GTS Brazil"), GTS North America Corp. ("GTS NA"), Assis Strasser, Gilvana Aparecida Ribeiro Strasser ("Gilvana Strasser") and Jane Does 1-10. Defendants GTS Brazil and Assis Strasser removed the case to this Court on September 25, 2025 claiming that the Court has diversity jurisdiction because GTS NA was fraudulently joined. Pending is Plaintiff's Motion for Remand. Defendants GTS Brazil and Assis Strasser (referred to in this Order as the "Defendants") have responded and the Plaintiff has replied. For the reasons stated below, the motion is granted.

    I.      Facts[1]

It is undisputed that Plaintiff and GTS Brazil entered into a Distributor-Vendor Agreement (the "Agreement") on May 22, 2020. (Ex. A to Comp., Doc. No. 2 at pp. 20-23). Under the Agreement, Plaintiff would be the exclusive distributor of GTS Brazil products in the United States. The products include combine headers, both corn and draper headers, components,

---

[1] As required for a motion to remand, the Court construes all facts and inferences in favor of Plaintiff.

attachments, and ancillary parts designed and manufactured by GTS Brazil. In the Complaint, Plaintiff alleges that GTS[2] breached the Agreement when it sent Plaintiff defective header drive shafts. Without knowing about the defect, Plaintiff sold the product. As a result, Plaintiff incurred financial losses from repairs and replacements of the defective products and the loss of sales.

Plaintiff alleges that GTS agreed that it would not require payment from Plaintiff for any new inventory delivered to Plaintiff until that new inventory sold. Plaintiff ordered and received new product inventory. However, GTS demanded payment from Plaintiff shortly after delivery. Plaintiff alleges that GTS made the promise to allow delayed payments in order to fraudulently induce Plaintiff to take additional inventory which would cause Plaintiff more financial distress. Plaintiff claims that GTS also leveraged Plaintiff's non-payment and stopped shipping replacement parts that Plaintiff used to repair or replace the defective components of the products. Plaintiff alleges that GTS is attempting to and has destroyed Plaintiff's business with malicious acts and reckless disregard.

Further, Plaintiff states that it informed GTS of its intent to negotiate sales contracts with large manufacturers of combines sold in the United States. According to Plaintiff, after initially being in favor of the plan, GTS changed its course of action to prevent Plaintiff from pursuing the market. Plaintiff contends that GTS planned to deal directly with large U.S. manufacturers outside of the exclusive right held by Plaintiff. On June 7, 2025, Plaintiff received an "Extrajudicial Notification" from GTS Brazil and GTS NA that terminated the Agreement and prohibited Plaintiff from distributing and marketing GTS products.

Plaintiff filed suit in Lonoke County Circuit Court alleging that all named defendants breached the Agreement, the implied warranty of merchantability, the implied warranty of fitness

---

[2] Throughout the Complaint, Plaintiff refers to all defendants collectively as GTS.

2

for a particular purpose, engaged in fraudulent concealment and inducement, and tortious and intentional interference with a contractual relationship and business expectancy with Plaintiff's dealers and sub-dealers. According to the Complaint, GTS, Assis Strasser and Gilvana Strasser are citizens of Brazil. At the time the parties executed the Agreement, Assis Strasser was the President of GTS Brazil. GTS NA is a corporation organized under the laws of the State of Arkansas with its principal place of business in Carlisle, Arkansas. Assis Strasser is the President and Treasurer of GTS NA and Gilvana Strasser is the Vice-President and Secretary of GTS NA.

GTS Brazil and Assis Strasser removed the case to federal court, asserting that this Court has authority to hear the claims under the Court's diversity of citizenship jurisdiction. Defendants contend that diversity exists between the parties because: (1) GTS NA was fraudulently joined and its citizenship should be ignored; and (2) the remaining parties are of completely diverse citizenship. Plaintiffs argue that they have stated a colorable claim against GTS NA and, therefore, complete diversity is lacking, and the case should be remanded to state court.

II.    Analysis of the Law

Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Such an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Plaintiff asserts that this action is not removable because GTS NA is a citizen of Arkansas and Plaintiff is a citizen of Arkansas. Defendants counter that GTS NA's joinder is fraudulent and, therefore, its citizenship is not a bar to removal.

"To prove that a plaintiff fraudulently joined a diversity-destroying defendant, we require a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying

defendant has no reasonable basis in fact and law. Under this standard, if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. However, joinder is not fraudulent where there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810-811 (8th Cir. 2003) (internal quotation marks omitted). "[I]f there is a 'colorable' cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla*, 336 F.3d at 310.

The right of removal is strictly construed in favor of remand because it is a creature of statute. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002). The Court must resolve all contested issues of fact and uncertainties in state law in favor of the Plaintiff. *Filla,* 336 F.3d at 311. The removing party has the burden of establishing jurisdiction by a preponderance of the evidence.

First, there is no dispute that the amount in controversy is satisfied, that GTS NA is an Arkansas corporation, or that the remaining parties are completely diverse. The only dispute is whether Plaintiff fraudulently joined GTS NA to destroy diversity jurisdiction. If the answer is yes, the Court must disregard GTS NA's citizenship. If the answer is no, the Court must remand the case to state court.

Plaintiff's principal argument is that GTS NA assumed obligations or became a co-obligor under the Agreement based on the parties' conduct and, thus, Plaintiff has stated a colorable claim for breach of the Agreement by GTS NA. The conduct of the parties which Plaintiff relies on is a conveyance of property, emails which purport to direct Plaintiff to send a

4

third party's expenses to GTS NA, and the inclusion of GTS NA's name on the Extrajudicial Notification sent to Plaintiff demanding payment after the Complaint had been filed. Plaintiff claims that an Arkansas court might find that GTS NA became a party based upon these actions.

Even if these allegations do not state a colorable claim for breach by GTS NA, Plaintiff alleges that the Complaint contains facts that could support some "viable fraud-type theory under Arkansas law." Plaintiff specifically suggests that there is a colorable claim for fraudulent inducement against GTS NA. Further, Plaintiff contends it has a claim for tortious interference by GTS NA of Plaintiff' business expectancy with its customers.

Defendants argue that GTS NA is not a party to the Agreement. Therefore, Plaintiff has no viable claim against GTS NA for breach of contract. Because there is no contract, Plaintiff does not have a colorable cause of action for breach of any warranty. Defendants argue that Plaintiff has no claim for fraudulent inducement against GTS NA because there is no allegation that GTS NA made a false representation of material fact to Plaintiff. Finally, Defendants claim that there is no allegation that GTS NA interfered with Plaintiff's contractual relationships with its customers.

The Court finds that the Defendants have failed to establish diversity jurisdiction by a preponderance of the evidence. Resolving all doubts in favor of remand, the Court finds that Plaintiff has stated at least one claim upon which the state court might impose liability on GTS NA under the facts alleged. While the failure to make specific allegations regarding each named defendant is problematic, the Court cannot say that all the claims made against GTS NA are so unreasonable as to be considered non-colorable. "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to

remand the case and leave the question for the state courts to decide.'" *Filla*, 336 F.3d at 811

(quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). Since

Plaintiff has stated a colorable claim against GTS NA under Arkansas law, Defendants have

failed to show that GTS NA was fraudulently joined. The case must be remanded to state court.

III.    Conclusion

Accordingly, Plaintiff's motion to remand (Doc. No. 16) is GRANTED. The pending

motions to dismiss (Doc. Nos. 9 and 10) are MOOT. The Clerk is directed to immediately

transfer the case to the Circuit Court of Lonoke County, Arkansas. The Clerk is then directed to

close the case.

IT IS SO ORDERED this 20th day of March, 2026.

_____
James M. Moody Jr
United States District Judge